UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE H.,[1]<br><br>　　　　Plaintiff<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2]<br><br>　　　　Defendant. | Case No. 2:20-cv-05317-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  PROCEDURAL HISTORY

Plaintiff Valerie H. ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br."), Dkt. 20 ("Def.'s Br."), and Dkt. 21 (Pltf.'s Reply).] The Court has taken the parties' briefing under submission without oral

---

[1]　In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party.

[2]　Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, the Acting Commissioner of Social Security, is hereby substituted as the defendant.

argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II.  ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed applications for DIB and SSI alleging disability since March 19, 2014, based primarily on problems with her hands and knees. [Administrative Record ("AR") 20.] Defendant denied her applications on initial review and reconsideration, and she was found not disabled by an Administrative Law Judge ("ALJ") in a September 22, 2016 decision. [AR 14-28.] After the Appeals Council denied review, Plaintiff appealed to this Court, which remanded the case for further proceedings—finding error in the ALJ's step four determination that Plaintiff could perform her past relevant work.

The ALJ held a hearing on the remanded application on January 22, 2020. [AR 1060-1108.] The ALJ issued a second unfavorable decision on March 12, 2020. [AR 1032-1059.] Plaintiff sought review of the ALJ's second decision, which was denied. The present case before the Court followed.

As relevant here, the 2020 ALJ decision under review found that Plaintiff had severe impairments as of 2014 including degenerative joint disease, namely osteoarthritis of both knees; as of 2015, she also has carpal tunnel syndrome; and as of 2018, she also has fibromyalgia. The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [AR 1042.] Based on her impairments, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform a reduced range of light work as defined in 20 CFR 404.1567 and 416.967(c) except with the following additional restrictions:

> <u>As of 2014</u>, she could lift 20 lbs occasionally and 10 lbs frequently; she could sit up to 6 hours in an 8 hour workday, and stand or walk up to 4 hours; she was precluded from climbing; she could occasionally kneel, crouch, or crawl; she could occasionally maneuver uneven terrain; and she could occasionally sustain other posturals. <u>As of 2016</u>, she could

    lift 20 lbs occasionally and 10 lbs frequently; she could sit up to 6 hours and stand or walk up to 4 hours; she was precluded from kneeling, crouching, and crawling; she could maneuver uneven terrain occasionally; she could sustain other posturals occasionally; and pushing, pulling, handling, and fingering all could be sustained frequently with the right upper extremity, but only occasionally with the left upper extremity. <u>As of June 2018</u>, she could lift 20 lbs occasionally and 10 lbs frequently; she could stand or walk up to 2 hours in an 8 hour workday and sit up to 6 hours; she was precluded from kneeling, crouching, or crawling; other posturals could be sustained occasionally; she could maneuver uneven terrain occasionally; pushing, pulling, handling, or fingering could be sustained occasionally with the left upper extremity, and frequently with the right upper extremity; and overhead reaching with the left upper extremity would be limited to frequently.

[AR 1042.]

At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a receptionist, as that job is generally performed in the national economy. [AR 1052.] As a result, the ALJ concluded that Plaintiff did not suffer from a disability between the alleged onset date and the date of the ALJ's decision. [AR 1052.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a

ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV. DISCUSSION

### 1. The ALJ Properly Resolved Any Apparent Conflict Between the DOT and the VE

The primary issue in dispute is whether the ALJ failed to resolve an apparent conflict between the vocational expert ("VE")'s testimony and the Dictionary of Occupational Titles ("DOT") when determining that Plaintiff could perform her past relevant work. [Pltf.'s Br. at 5-15.] Specifically, Plaintiff argues that the ALJ erred in finding that an individual limited to "occasional handling/fingering of the non-dominant hand can perform Plaintiff's past work as a receptionist as generally performed." [Pltf.'s Br. at 7.] According to Plaintiff, the handling demands of the receptionist job as set out in the DOT and other non-DOT sources exceed her stated abilities. [Pltf.'s Br. at 5-15.]

### A. Background

In the first decision denying benefits, the ALJ found that an individual limited to frequent handling and fingering with the dominant hand and occasional handling and fingering with the non-dominant hand could perform Plaintiff's past relevant work as a receptionist and accounting clerk, as generally performed. [AR 24.] On January 8, 2018, Plaintiff appealed that ALJ's decision arguing that the ALJ failed to obtain a reasonable explanation as to how an individual limited to occasional handling could perform the receptionist position which requires frequent handling. This Court found reversible error because the prior ALJ did not discuss whether the VE's explanation for the apparent conflict was reasonable and instead merely concluded that the VE's testimony was consistent with the DOT. [AR 1205-1216.] Having found error, this Court remanded the case for further proceedings in order for the ALJ to address the apparent inconsistency between Plaintiff's limitation to occasional handling and the frequent handling required by receptionist position.

[AR 1204-16.]

Pursuant to this Court's instructions, on remand the ALJ addressed the apparent inconsistency at a second hearing on January 22, 2020. At the hearing, the Court heard testimony from vocational expert, Linda Ferra. [AR 1061, 1085.] At the outset, the ALJ asked the VE the handling and fingering requirements of the receptionist position and whether the reception position required handling and fingering bilaterally. [AR 1086-1089.] The VE responded that the receptionist position requires frequent handling, but only occasional fingering. The VE further testified that the DOT is silent as to whether handling and fingering is required bilaterally. [AR 1087.]

Using that explanation, the ALJ asked the VE whether a hypothetical individual limited to frequent handling/fingering in the dominant hand and occasional handling/fingering in the non-dominant hand could perform Plaintiff's past work as a receptionist. [AR 1086.] The VE responded yes: an individual limited to occasional fingering/handling of the non-dominant hand could perform the receptionist job. [AR 1086.] In addressing the alleged conflict between Plaintiff's "occasional" non-dominant hand limitations and the "frequent" handling requirements of the receptionist position, the VE admitted that the situation was "borderline," but that she believed Plaintiff could complete the receptionist position "based partially on her experience" and "partially" on the fact that Plaintiff is right-handed. [AR 1087. 1092.] The VE testified: "so she is probably writing notes with her right hand, and not using her left more of the time. And based on all of that, I believe that the receptionist would still be consistent with that hypothetical." [AR 1087.]

In follow up questioning by Plaintiff's attorney, the VE further explained that she came to the conclusion that a person with Plaintiff's non-dominant hand limitations could complete the receptionist position by relying on her professional experience including routinely performing several "ergonomic evaluations for

5

people who [do] mostly clerical work." [AR 1091.] Based on this testimony, the ALJ ultimately found that Plaintiff could perform the work of a receptionist while limited to occasional handling/fingering with the non-dominant hand. [AR 1086, 1091.]

### B. Applicable Law

At step four of the five-step sequential analysis, a claimant has the burden of proving that she cannot return to her past relevant work, either as actually or generally performed in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001); 42 U.S.C. §§ 404.1520(f), 416.920(f). However, the ALJ has a duty to make factual findings to support a conclusion of non-disability at step four. *See Pinto*, 249 F.3d at 844. The ALJ can meet this burden by comparing the physical and mental demands of the past relevant work with the claimant's RFC. *Id.* at 844-45.

To ascertain the requirements of occupations as generally performed in the national economy, the ALJ may rely on VE testimony or information from the DOT. *Pinto*, 249 F.3d at 845-46. Should an "apparent or obvious" conflict arise between a VE's testimony regarding the claimant's ability to perform a certain job and the DOT's description of that job, "the ALJ must ask the [VE] to reconcile the conflict" and must determine whether the VE's explanation is reasonable before relying on the VE's testimony. *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016); *see Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (explaining that neither the DOT nor VE evidence "automatically trumps when there is a conflict" and that if the ALJ determines that a conflict exists, "the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT].").

### C. Analysis

Here, as Defendant notes, the ALJ solicited a detailed explanation from the VE about whether Plaintiff could perform the receptionist job despite her limited

ability to handle and finger with her non-dominant left hand. The question thus becomes whether the VE provided a reasonable and reliable explanation for the alleged conflict using the VE's knowledge and expertise.

There is limited caselaw about what constitutes "a reasonable explanation for an apparent conflict." *Anna F. v. Saul*, No. ED CV 19-511-SP, 2020 U.S. Dist. LEXIS 224073, at *1 (C.D. Cal. Nov. 30, 2020); *See Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017) (noting that to avoid unnecessary appeals, "an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC"). SSR 00-4p, 2000 SSR LEXIS 8 provides two examples of a reasonable explanation that would justify deviating from the DOT: (1) when evidence from a VE includes information not listed in the DOT; and (2) when a VE is able to provide more specific information about a job or occupation than the DOT. *See also Massachi*, 486 F.3d 1153, n.17 (examples of reasonable explanations from deviating from the DOT include that "the Dictionary does not provide information about all occupations, information about a particular job not listed in the Dictionary may be available elsewhere, and the general descriptions in the Dictionary may not apply to specific situations.").

Despite her arguments to the contrary, Plaintiff is incorrect that the VE failed to offer a reasonable explanation for the alleged conflict. As noted at the hearing, the ALJ instructed the VE to address the specific ambiguity between Plaintiff's left hand limitations and the dexterity requirements of the receptionist position; and the VE did so using her professional expertise in the area. The VE confirmed that, although the DOT stated that frequent handling was required for the receptionist position, it did not state whether the position required frequent handling of both hands or just one hand. [AR 1087.] Because the DOT was silent as to whether both hands are required to perform the position, the VE, using her specific knowledge acquired from performing ergonomic evaluations of clerical positions, testified that she was supplementing the information in the DOT with her experience and

knowledge in areas that it did not address, rather than providing an inconsistency with the DOT. [AR 1087.] When asked for further clarification, the VE also testified that she looked at labor market information, reviewed occupational outlooks, watched job orders, assisted people in looking for work, and determined specific job requirements. [AR 1094.] *See Buckner-Larkin v. Astrue*, 450 Fed. Appx. 626, 628-29 (9th Cir. 2011) (unpublished) (finding a conflict between a sit/stand option and the DOT was adequately addressed by the VE, who relied on his own labor market surveys, experience, and research, and that the ALJ addressed this in the decision)

      An ALJ may use the DOT and VE testimony to determine whether there are jobs that the claimant can perform. However, the VE's testimony should be consistent with the DOT and, if it is not, the VE must provide a reasonable explanation for the conflict. See Social Security Ruling 00-4p, 2000 SSR LEXIS 8. In this case, the ALJ complied with this duty. Namely, the VE and by extension the ALJ acknowledged that while Plaintiff had limitations in her left hand, she was right handed. [AR 1087.] Thus, while Plaintiff was limited to occasional handling with the left hand, she could frequently handle with the right hand, which the VE determined was sufficient to perform the receptionist job. [AR 1087.] In the ALJ's decision, she reiterated that at the hearing the VE testified that her testimony was consistent with the DOT, and to the extent there were issues not covered by the DOT, the VE applied her "extensive professional training and experience, such as regarding the number of hands needed for any given function." [AR 1052.] The ALJ further explained that she found the VE's qualifications sufficient to make such professional determinations. [AR 1052.] Thus, pursuant to this Court's instructions upon remand, the ALJ properly addressed whether there was an inconsistency between the VE's testimony and the DOT and explained that she found the VE's qualifications sufficient to make such professional determinations. [AR 1058, 1214.].

### D. Frequent Keyboarding

Plaintiff spends the bulk of her reply brief arguing that regardless of any stated conflicts with the DOT, her left-hand limitations to occasional handling/fingering exceed the real-life requirements of a receptionist position. According to Plaintiff, data in various DOT related vocational guides including the Bureau of Labor and Statistics' Occupational Requirements Survey (ORS) demonstrates that a majority of receptionist positions require "frequent keyboarding"—a task Plaintiff cannot perform due to her occasional fingering/handling limitation in her RFC. (Pltf.'s Br. at 11-14; Reply at 3-4.) Plaintiff suggests that this evidence invalidates the VE's testimony that she can perform her past relevant work.

Plaintiff's argument is meritless for at least two reasons. First, as is well documented in the case law, the ALJ was not obligated to reconcile conflicts between the VE's testimony and non-DOT sources such as the ORS. *See Long v. Berryhill*, No. 19-cv-02669-RMI, 2020 U.S. Dist. LEXIS 169787, at *33 (N.D. Cal. Sep. 16, 2020) ( While ALJs have a duty to resolve apparent conflicts between VE testimony and the DOT, courts have refused to extend this duty to other sources of occupational data, including the ORS.) Although the regulations provide that the Administration will take administrative notice of data in the DOT, the County Business Patterns, and the Occupational Outlook Handbook ("OOH"), among others, see 20 C.F.R. § 404.1566(d), "[i]t does not follow that an ALJ must in every case reconcile conflicts *sua sponte* between each of those data sources and the VE's testimony. That requirement was established in SSR 00-4p, 2000 SSR LEXIS 8, a Social Security Ruling, only for the DOT and an associated document [the SCO]." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 n.6 (9th Cir. 2017). Thus, "it follows that the ALJ need not reconcile conflicts between a VE's testimony and information contained in sources not even mentioned in the regulations." *See, e.g., Rosalie M. M. v. Saul*, 2020 U.S. Dist. LEXIS 166816, 2020 WL 5503240 (C.D. Cal. Sep. 11,

9

2020); *Gonzalez v. Berryhill*, 2018 U.S. Dist. LEXIS 7590, 2018 WL 456130, at *3 (C.D. Cal. Jan. 17, 2018) (finding no further inquiry or explanation needed by ALJ to rely on vocational expert's testimony, even where a conflict with the OOH exists). In fact, the ALJ was entitled to rely on the VE's testimony alone, without requiring more. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (explaining ALJ may take administrative notice of vocational expert' s testimony regarding job numbers without any additional foundation).

Second, while Plaintiff takes issue with the ORS data which states that the majority of receptionist jobs require "frequent keyboarding" (Pltf.'s Reply at 3-5), the "occasional" limitation at issue is not keyboarding but rather handling. The ALJ found Plaintiff could handle and finger frequently with the right hand and occasionally with the left hand. Per the VE's testimony, the receptionist position requires frequent handling but only *occasional* fingering. [AR 1086.] See DOT code 237.367-038. Handling involves "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands," whereas fingering requires "picking, pinching, or otherwise working primarily with the fingers." SSR 85-15. Thus, by definition, fingering is more akin to "keyboarding" and the receptionist position only requires occasional "fingering" which Plaintiff can sufficiently perform with both hands. There is nothing to suggest that Plaintiff's limitation to occasional fingering/handling precludes her from performing "frequent keyboarding." Any suggestion otherwise is pure speculation unsupported by probative evidence.

Accordingly, the ALJ did not err in relying on the VE's testimony that Plaintiff could perform the receptionist position given her residual functional capacity. Substantial evidence supports the ALJ's decision and there is no basis for remand.

**2. Any Error By the ALJ in Redetermining Plaintiff's RFC was Harmless**

Plaintiff also briefly argues that the ALJ erred by re-assessing her RFC on

remand. (Pltf.'s Br. at 6-7.) According to Plaintiff, the ALJ was precluded under the "rule of mandate" and "law of the case" doctrines from changing her RFC finding from "sedentary" to "a reduced range of light work" following remand from this Court. *See Stacy v. Colvin*, 825 F.3d 563, 567-69 (9th Cir. 2016) (rule of mandate and law of the case doctrine apply in the Social Security context, meaning that the district court cannot reconsider "an issue that has already been decided by that same court or a higher court in the same case" absent "evidence on remand is substantially different" or a change in controlling law).

The ALJ in the 2016 Decision determined that Plaintiff had the RFC to perform sedentary work, except she is limited to frequent handling and fingering with the dominant hand and occasional handling and fingering with the non-dominant hand. [AR 20.] Based on that RFC, the ALJ found that Plaintiff was able to perform her past relevant work as a receptionist. [AR 20.] In the 2020 decision, the ALJ determined that Plaintiff had the RFC to perform a limited range of light work except she is limited to frequent handling and fingering with the dominant hand and occasional handling and fingering with the non-dominant hand. Despite the change from "sedentary" to a "reduced range of light work," the ALJ again determined Plaintiff was able to perform her past relevant work as a receptionist. [AR 1089.]

By all indications, even if the ALJ erred by altering the residual functional capacity assessment on remand, the error was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination") (citation and internal quotations omitted). When presented with a hypothetical question encompassing either the sedentary or light RFC, the VE's testimony remained the same—that a claimant limited to occasional handling with the non-dominant left hand could perform Plaintiff's past relevant work. As Plaintiff notes, the central issue upon which this Court previously remanded this case, and which forms the basis for her current argument, is not

whether she could complete sedentary or light work, but whether an individual limited to occasional handling and fingering with the non-dominant hand could perform her past relevant work. (Pltf.'s Brief at 7). That question was plainly within the scope of this Court's mandate. As seen above, the vocational expert provided a sufficient explanation for her opinion to satisfy the Court's concern regarding the dexterity requirements of the receptionist position, which included an RFC determination that was ultimately inconsequential to the VE's conclusions. *See Harrison v. Berryhill*, No. ED CV 18-81-E, 2018 U.S. Dist. LEXIS 182793 (C.D. Cal. Oct. 24, 2018) (finding harmless ALJ's error in addressing issues outside the scope of mandate because the ALJ clarified with the vocational expert the issue identified on remand). Accordingly, Plaintiff fails to reveal any reversible error in this respect.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: August 27, 2021

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE